IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LARRY E. MUKES, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-05-169-W |
| | ) | |
| RANDALL G. WORKMAN, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. #1]. Respondent has filed a response to the Petition [Doc. #7] and Petitioner has been given the opportunity to file a reply, *see* Order [Doc. # 9], but has failed to do so within the time permitted. Therefore, the matter is at issue. For the reasons set forth below, it is recommended that the Petition be denied.

**Background**

Petitioner is in the custody of the Oklahoma Department of Corrections (ODOC) serving a life sentence for a 1985 conviction of Murder in the First Degree, Case No. CRF-85-4132, District Court of Oklahoma County, State of Oklahoma. In this action, Petitioner does not challenge his conviction and sentence.

Instead, Petitioner brings claims challenging the execution of his sentence and the conditions of his confinement. First, Petitioner claims that the ODOC's current classification system is different than the system in place at the time of his conviction and sentence and, therefore, that application of this classification system to his sentence violates the Ex Post Facto Clause of the United States Constitution. In a related claim, Petitioner alleges that he

has been denied privileges (the use of a television and a radio) as a result of changes in the classification system. Finally, Petitioner claims a violation of his constitutional rights arising out of the suspension of his wife's visitation privileges, allegedly the result of a drug dog alerting on her person on December 5, 2004.

As relief, Petitioner requests the award of earned credits and privileges he claims he would have received absent the *ex post facto* application of statutory law and ODOC policy. Petitioner also requests this Court to order Respondent to submit a Special Report and to certify a number of legal questions to the Oklahoma Supreme Court and the Oklahoma Court of Criminal Appeals.

## Analysis

**I.     Right to Credits**

Petitioner does not claim in this action that earned credits have been revoked. Instead, he contends that the ODOC's current classification level system pursuant to which inmates may be awarded earned credits is more onerous than the law governing the award of such credits at the time of his offense and conviction. *See* Petition, Exhibit 2, OP-060107, Systems of Incarceration.

To put Petitioner's claim in proper context, a brief recitation of Oklahoma legislative history governing earned credits is necessary. Under current law, inmates serving time in the custody of ODOC are subject to a classification level system. *See* Okla. Stat. tit. 57, § 138(A) (2001) ("Except as otherwise provided by law, every inmate of a state correctional institution shall have their term of imprisonment reduced monthly, based upon the class level

2

to which they are assigned."). This classification level system determines the number of credits an eligible inmate may be awarded each month. At level one, eligible inmates earn zero credits per month; at level two, twenty-two credits per month; at level three, thirty-three credits per month and at level four, forty-four credits per month. *See* Okla. Stat. tit. 57, § 138(D)(2). Under ODOC policies and procedures, inmates also receive more privileges as they advance up the classification levels. *See* Petition, Exhibit 2, OP-060107, Systems of Incarceration, ¶ II(A)-(D).

The Oklahoma legislature created the classification level system, effective November 1, 1988. *See* Okla. Stat. tit. 57, § 138 (1991). The credit statute in effect prior to that time -- from September 8, 1976 through October 31, 1988 -- provided that inmates assigned to work programs would earn credits at the rate of one credit for every day of work performed ("day for day credits"). *See* Okla. Stat. tit. 57, § 138 (1981).

Petitioner suggests that he earned credits under the former system through his assignment to a work program, though his reference is cryptic at best and he fails to attach any evidentiary support. *See* Petition at 3 (discussing, under former law, scenarios pursuant to which Petitioner would earn credits such as being a "run man in jail" or "obtaining a job or school assignment"). He further states that the restraints on prisoners are more onerous under OP-060170 than they were when Petitioner was first incarcerated.

Respondent contends Petitioner's claims are time-barred. Alternatively, Respondent contends Petitioner's claims are without merit because Petitioner is serving a life sentence and, therefore, is statutorily ineligible to have his sentence reduced by earned credits.

A.   **Timeliness of the Petition**

"Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), applications for writs of habeas corpus challenging the execution of a state sentence under § 2241 are subject to a one-year period of limitations." *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). The one-year limitation period prescribed in § 2244(d)(1) begins to run when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). *See Cotner v. Boone*, No. 01-7096, 2002 WL 31045393 at * 2 (10th Cir. Sept. 13, 2002) (unpublished op.)[1] (analyzing timeliness of a § 2241 petition claiming incorrect calculation of earned credits by applying 28 U.S.C. § 2244(d)(1)(D)); *Algenstedt v. Champion*, No. 01-5047, 2002 WL 1277958 (10th Cir. June 11, 2002) (unpublished op.) (same).

Thus, applying § 2244(d) to the present case, the one-year statute of limitations period began to run when Petitioner could have discovered that he was not being given credits to which he claims he is entitled. 28 U.S.C. § 2244(d)(1)(D). Petitioner does not allege any particular "triggering event" giving rise to his *ex post facto* claim.[2] Rather, he makes a general challenge to the statutory amendment in 1988 and the change in ODOC's classification system, which he alleges became effective on March 15, 2000. *See* Petition,

---

[1]This and all other unpublished Tenth Circuit decisions referenced in this Report are cited for their persuasive value in accordance with 10th Cir. R. 36.3(B).

[2]Petitioner references a grievance he filed on September 22, 2004, "asking for his Rights and Privileges to be restored" but does not allege that this grievance was in response to any particular event. *See* Petition at 4.

Exhibit 1 (ODOC letter stating the effective date of OP-060107).  Giving Petitioner the benefit of this later date as constituting the factual predicate giving rise to his claim, Petitioner had until March 15, 2001, to file a federal habeas petition.  The instant Petition filed on February 10, 2005, nearly four years after the expiration of the one-year limitations period is untimely.

### B.    Merits of Petitioner's Credits Claim

Alternatively, Respondent contends that Petitioner's habeas claim lacks merit because he is statutorily ineligible to receive earned credits.  Pursuant to  Oklahoma law, "[n]o deductions [by application of earned credits] shall be credited to any inmate serving a sentence of life imprisonment . . . ." Okla. Stat. tit. 57, § 138(A).[3]  Respondent, therefore, is correct that as a prisoner sentenced to life imprisonment, Petitioner has no liberty interest in earned credits pursuant to § 138.  *Compare Rowland v. Andrews*, No. 98-5028, 1998 WL 777390 at *1 (10th Cir. Nov. 4, 1998) (unpublished op.) (Oklahoma prisoner convicted of murder and sentenced to life imprisonment who claimed a right to earned credit for work and good conduct failed to establish a due process violation because earned credit provision of Okla. Stat. tit. 57, § 138 did not apply to him).  *Cf. Stephens v. Thomas*, 19 F.3d 498, 501 (10th Cir. 1994) (interpreting similar New Mexico statute and holding that an inmate serving a life sentence has no protected liberty interest in earned good time credits even though the State had commonly misapplied the law by awarding credits to such inmates).

---

[3] This prohibition was codified in 1976.  *See* Okla. Stat. tit. 57, § 138 (Supp. 1976).

Petitioner acknowledges that his life sentence prohibits him from having earned credits applied to his sentence to reduce his term of imprisonment. *See* Petition at 6-7 ("While the petitioner herein is serving a Life Sentence and Earned Credits are not directly attributable to service of his sentence the tying of Rights and Privileges to Earned Credit Class Levels [a]ffect the quality of life while incarcerated in Oklahoma Department of Corrections custody via OP-060107 making petitioner's service of his sentence more onerous than what he was sentenced to and/or accepted into custody by the ODOC in 1986."). Therefore, any claim for habeas corpus relief requesting application of earned credits is without merit and provides an alternative basis for denial of this claim.[4]

## II.    Petitioner's Remaining Claims are Not Cognizable in a Federal Habeas Corpus Action

Petitioner's remaining two claims relate solely to the conditions of his confinement. First, Petitioner seeks restoration of privileges -- the right to a television and a radio. He contends that he has been denied these privileges as a result of the ODOC's classification level system. Second Petitioner seeks restoration of visitation rights with his wife, Bertha Mukes. These visitation rights were temporarily suspended after a drug dog alerted on her person. *See* Petition at 4-5. Because these claims do not implicate the length or duration of

---

[4]Respondent further argues that "even if the credit levels statute affects other aspects of the Petitioner's sentence, the changes would not be considered ex post facto under clearly established federal law." *See* Response at 5. The "other aspects" to which Respondent refers relate to the Petitioner's privileges (or, as Petitioner phrases it, his "quality of life") affected by the implementation of the classification level system. *Id*. at 7. As discussed in relation to Petitioner's remaining claims, any impact the classification level system has on Petitioner other than on the length of his incarceration is not cognizable in a federal habeas corpus action.

Petitioner's sentence, they are not cognizable under the federal habeas corpus statutes, but may be brought in a civil rights action under 42 U.S.C. § 1983, after exhaustion of available administrative remedies. *See Nelson v. Campbell*, 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004) ("[Constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of th[e] core [of federal habeas corpus] and may be brought pursuant to § 1983 in the first instance."); *see also Boutwell v. Keating*, 399 F.3d 1203, 1208-1209 (10th Cir. 2005) (a prisoner's challenge to the conditions of confinement is cognizable in an action brought pursuant to 42 U.S.C. § 1983 while habeas corpus is the only avenue for a challenge to the fact or duration of confinement).  These claims, therefore, do not state grounds for federal habeas corpus relief.

## RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus be [Doc. #1] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any such objections must be filed with the Clerk of the District Court by August __18th__, 2005.  *See* LCvR72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral [Doc. #5] by the District Judge in this matter.

ENTERED this __29th__ day of July, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE